```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

MICHAEL A. JOSEY,                )
          Plaintiff,             )
                                 )
     v.                          )    C.A. No. 05-11787-RGS
                                 )
ELIZABETH CHILDS, et al.,        )
          Defendants.            )
```

MEMORANDUM

For the reasons set forth below, plaintiff is advised that his complaint is subject to dismissal unless plaintiff demonstrates good cause why his complaint should not be dismissed.

BACKGROUND

On August 30, 2005, plaintiff Michael A. Josey filed his self-prepared complaint seeking monetary damages for the alleged violation of his civil rights by the Commissioner of Mental Health, a psychiatrist employed by the Department of Mental Health as well as a dozen John Doe defendants who "will be named at a later date."  See Complaint ("Compl.").

In a nineteen-page narrative complaint, plaintiff gives a rambling account of events he claims occurred during 1998 and that he believes may reoccur.  Plaintiff complains that after he was "set up in 1998 and arrested for arson," see Compl. p. 7, he was "wrongfully imprisoned for Arson."  See Compl. ¶ 19. Plaintiff complains that "everyone believed what the psychiatrist wrote in his report and that this false light, slander, libel and deformation (sic) convinced everyone the plaintiff was guilty

beyond a reasonable doubt.  <u>Id.</u>

Plaintiff alleges that upon his release from prison, (1) Roxbury District Court Judge Leary discharged the plaintiff from probation; and (2) plaintiff filed a civil action in this district court which was dismissed.  <u>Id.</u> at ¶ 21; <u>see also</u> <u>Josey v. Azoveto, et al.</u>, C.A. No. 99-11126-RCL (dismissed pursuant to § 1915(e)) and <u>Josey v. Doe, et al.</u>, C.A. No. 99-10658-RCL (dismissed), <u>mandate issued</u> (1st Cir. Oct. 7, 1999).

Plaintiff contends that as of the time of the filing of this complaint (August 2005), "another plan might take place to wrongfully imprison the plaintiff . . . in accordance with [several letters sent to the plaintiff] informing him that an arrest warrent (sic) might be issued."  <u>See</u> Compl. at ¶ 22. Plaintiff alleges that during the summer he distributed a flyer to the public concerning the allegations in the instant complaint.  <u>Id.</u> at ¶ 15.  He further alleges that around the same time he was approached by Boston police officers who made several brief statements to him before leaving.  <u>Id.</u> at ¶ 16.

Plaintiff alleges his civil rights were violated seeks millions of dollars in compensatory, punitive and nominal damages.

### REVIEW

Because plaintiff has moved to file without prepayment of fees, a summons has not issued in order to allow a preliminary

review of plaintiff's complaint to see that it satisfies the requirements of the federal in forma pauperis statute, 28 U.S.C. § 1915.

Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

An in forma pauperis complaint may be dismissed sua sponte and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## DISCUSSION

Although pro se complaints are entitled to a close and sympathetic reading, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), plaintiff's complaint fails to state a claim upon which relief may be granted. In order to state a Section 1983 claim, a plaintiff must allege (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Rumford Pharmacy, Inc. v. City of East Providence, 970

F.2d 996, 998 (1st Cir. 1992).

As an initial matter, plaintiff's claims against the two named defendants in their official capacities are barred by the Eleventh Amendment. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (citation omitted). "The Eleventh Amendment bars such a suit unless the State has waived its immunity...." Id. at 66. The Section 1983 claims for damages against the defendants in their official capacities are therefore subject to dismissal.

To the extent that plaintiff asserts a Section 1983 claim against Commissioner Childs premised on a theory of supervisory liability for the actions of defendant Ford, plaintiff's claim against defendant Childs is subject to dismissal because respondeat superior is not a valid theory of liability under Section 1983. Liability under Section 1983 is direct, not vicarious, and can only be imposed upon officials who were involved personally in the alleged deprivation of constitutional rights. Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (no respondeat superior liability under § 1983); Guzman v. City of Cranston, 812 F.2d 24, 26 (1st Cir. 1987) (supervisory officials cannot be held liable solely on the basis of their employer-employee relationship with a tortfeasor); accord

Rodriguez-Vazquez v. Cintron-Rodriguez, 160 F. Supp. 2d 204, 210-213 (D. P.R. 2001) (dismissing claims, allegation that defendant was "ultimately responsible for the selection and/or supervision and/or training and/or discipline of his subordinates" insufficient).

To the extent plaintiff asserts a Section 1983 claim against Dr. Ford, the complaint fails to state a claim upon which relief may be granted. Plaintiff does not allege any conduct on the part of Dr. Ford other than the evaluation he provided to the Roxbury District Court. Under the doctrine of absolute witness immunity, no claim based on their testimony will lie against witnesses in a court proceeding. See Briscoe v. LaHue, 460 U.S. 325 (1983). The doctrine of witness immunity bars an action against Dr. Ford even if he did not formally testify as a witness in the criminal proceeding, since his role in the proceedings would have been essentially that of a witness. See Moses v. Parwatikar, 813 F.2d 891, 892 (8th Cir.) (psychiatrist appointed by court to conduct competency examination held to have function "analogous to that of a witness" and therefore immune from suit), cert. denied, 484 U.S. 832 (1987); Kurzawa v. Mueller, 732 F.2d 1456, 1458 (6th Cir. 1984) (psychiatrists and psychologist who examined child and whose findings were used by state court in determination of custody immune from suit); Yates v. Cunningham, 70 F. Supp. 2d 47, 51 (D.N.H. 1999).

Finally, in order to recover damages for an allegedly

unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  <u>Heck v. Humphrey</u>, 512 U.S. 477, 486 (1994).  Here, the success of plaintiff's suit would necessarily imply the invalidity of his criminal conviction because he is claiming that a slanderous psychiatric report resulted in his conviction.  He has not alleged that an authorized tribunal or executive body overturned or otherwise invalidated his conviction.  Consequently, <u>Heck</u> bars plaintiff's claims.

<u>CONCLUSION</u>

Based upon the foregoing, plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief may be granted and will be dismissed pursuant to 28 U.S.C. § 1915(e) without further notice after thirty-five (35) days from the date of the accompanying Order, unless before that time plaintiff shows good cause, in writing, why his complaint should not be dismissed for the reasons stated above.

SO ORDERED.

| December 28, 2005 | /s/ Richard G. Stearns |
|---|---|
| DATE | UNITED STATES DISTRICT JUDGE |